### LOEHR v. ABELL.

Automobiles—Motor Vehicle Law—Licensee—Constitutional Law.

In the absence of evidence tending to show that defendant's son was using defendant's motor car as the agent of the owner, or under what authority the driver was acting, defendant should not have been held liable for the negligent or wrongful death of plaintiff's decedent by the negligent driving of the son, under Act No. 318, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 2487 et seq.), since the section of the statute making the owner liable unless the car was stolen, is unconstitutional and void. (Daugherty v. Thomas, ante, 371 [140 N. W. 615].) It is to be inferred, where the facts were not shown, that the operator of the car was using it with defendant's permission or license, and for the operator's own pleasure.[1]

Error to Van Buren; Des Voignes, J. Submitted October 17, 1912. (Docket No. 145.) Decided April 8, 1913.

Case by Adelpha B. Loehr as administratrix of the estate of Edwin A. Loehr, deceased, against Charles E.

---

[1] Liability of owner for injuries where automobile is being used by a member of owner's family, see note in 41 L. R. A. (N. S.) 775.

Abell for the negligent killing of plaintiff's intestate. Judgment for plaintiff. Defendant brings error. Reversed.

*Thomas J. Cavanaugh* and *W. W. Holmes,* for appellant.

*Jackson & Fitzgerald* and *L. Myrl Phelps,* for appellee.

OSTRANDER, J.   Defendant owned a four-passenger automobile, which, on the evening of August 10, 1910, at about 7:45 o'clock, was being driven by his son, a boy 15 years of age.   Two of his young associates were riding with him.   He drove west, preceded by another motor car, called in the record the Buick, driven by a Mr. Donahue, and both cars were preceded for some way by an omnibus or carryall.   The Buick car turned out, passed the omnibus, and drove into a street opening onto Dyckman avenue on the north.   Defendant's machine, driven by his son, also turned out to pass the omnibus, and, having done so, swung into the north side of the street again, when plaintiff's decedent, who was riding west on Dyckman avenue upon a bicycle, came into collision with the car, from the effects of which he never regained consciousness, and died in less than an hour.   Claiming that the negligent operation and management of the motor car was the cause of his death, his widow, as administratrix of his estate, sued the owner of the motor car and recovered a substantial judgment.

At least one count of the declaration appears to be framed upon the theory that the person driving the car was servant and agent of the owner, who is responsible as principal or as employer for the damages resulting from the negligent operation of the car.   Other counts of the declaration are framed upon the statute (Act No. 318, Pub. Acts 1909, 2 How. Stat. [2d Ed.] § 2487 *et seq.*).   Defendant requested the court to charge the jury as follows:

"Under the law of the State the defendant cannot be charged with the negligence of any person driving the automobile, to wit, Carlos Abell, at the time of the collision, and therefore your verdict should be for the defendant. * * * It appears from the undisputed evidence in this case that on the evening in question Carlos Abell was using the automobile for his own purpose, his own pleasure, and on his own time, and that he was the operator of the machine, and the action should therefore have been brought against him, and your verdict should be for the defendant because the evidence shows that Carlos Abell was not the agent, employé, or servant of the defendant on this occasion, but a mere licensee; therefore the statute does not apply to the facts in this case, and under the law of the State the defendant has not been shown to have been guilty of any negligence, and you are therefore directed to return a verdict for the defendant."

The statute (Act No. 318, Pub. Acts 1909) is entitled "An act providing for the registration, identification and regulation of motor vehicles operated upon the public highways of this State, and of the operators of such vehicles." Subdivision 3 of section 10 (2 How. Stat. [2d Ed.] § 2496) of the act reads:

"Liability of Owners.—The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation by any person of such motor vehicle, whether such negligence consists in violations of the provision of a statute of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require; but such owner shall not be so liable in case such motor vehicle shall have been stolen."

Act No. 33 of the same session (2 How. Stat. [2d Ed.] § 2506) provides for the punishment of persons who without intent to steal the same use a motor vehicle without authority, including employés of the owner and others who have charge of the vehicle. The point that this provision of the statute if it is construed as applicable to the facts disclosed is not constitutional, but is invalid because imposing upon the citizen a liability for damages occasioned wholly by the negligent conduct of another, does

not appear to be made by the appellant. It is said that upon the occasion in question the defendant's machine was taken by his son without his permission, and the point which is made is that in view of the provisions of Act No. 33 the word "stolen," in Act No. 318, means taken without permission of the owner; that the word "stolen" is not used in the last act in its technical sense, but in the sense of an unlawful taking.

We do not find in the record testimony tending to establish the common-law liability of defendant, nor any affirmative testimony upon the subject of the authority of the son to use the car. It is to be inferred that the son used the car by permission of his father, the owner, but for his own pleasure. We have, since the case at bar was tried, distinctly held that the provision of the act of 1909 above set out is void. *Daugherty* v. *Thomas, ante,* 371 (140 N. W. 615). The request to charge preferred by defendant, and last above set out, contains a correct statement of the law under our decision in that case. We reverse the judgment, with costs to appellant. In view of the pleadings, the right to a new trial, if plaintiff shall be advised thereto, is granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.