WILLIAM C. BROWN vs. GREEN AND FLINN, INCORPORATED.

1. MASTER AND SERVANT—THIRD PERSON'S INJURY—AUTOMOBILE ACCI-
   DENT—ALLEGATION OF NEGLIGENCE.
   Allegations of negligence, in that defendant permitted his motor truck
to be operated by an unskilled and incompetent servant whereby plaintiff
was run into and injured, *held* sufficient.

2. NEGLIGENCE—DRIVING MOTOR TRUCK WITHOUT LICENSE.
   Since driving a motor truck without license is prohibited by statute, it
will constitute negligence *per se;* but to cónstitute actionable negligence
there must be shown a causal connection between such act and the injury
resulting.

3. MASTER AND SERVANT—THIRD PERSON'S INJURY—DRIVING MOTOR
   TRUCK WITHOUT LICENSE.
   Allegation that "plaintiff  *  *  *  by and through the negligence of
the said defendant in permitting its said servant to operate said truck upon
said road without a license  *  *  *  was run into," etc., *held* insufficient
for failing to show connection between the act alleged and the injury.

(*March* 9, 1917.)

BOYCE, J., sitting.
*Robert H. Richards* for plaintiff.
*Frank L. Speakman* for defendant.
Superior Court, New Castle County, March Term, 1917.
ACTION ON THE CASE, No. 25, March Term, 1916.

ACTION by William C. Brown against Green & Flinn, Incor-
porated, to recover damages for personal injuries by negligence.
On special demurrer to the first three counts of the declaration.
Overruled as to the first two counts and sustained as to the third.

The defendant demurred specially to the first three counts
of the declaration; and the causes of demurrer to each of the
counts are (1) they do not set forth or describe any particular
kind of  carelessness or negligence; (2) they do not allege any
particular kind of carelessness or negligence with sufficient par-
ticularity; (3) they merely set out conclusions of law; (4) they
do not show the causal relation between the alleged acts of negli-
gence and the injuries complained of, and (5) they do not show
that the injuries complained of resulted from the alleged acts of
negligence.   The only difference between the first and second
counts is that in the second count it is averred that the defendant

had knowledge or should have had knowledge of the incompetency of the driver of the truck mentioned in the counts.

BOYCE, J.:—[1] The averment in the first and second counts is that:

"The said plaintiff, while, then and there, in the exercise of due care and caution on his part, lawfully riding along the said road" (Rockland) "upon a motorcycle, by and through the negligence of the said defendant in permitting its said" (automobile or motor) "truck to be operated upon said road by an unskilled and incompetent servant, as aforesaid, was run into by the said truck and thereby struck with great force," etc.

The negligent act averred in these two counts is in permitting the motor truck to be operated upon the road by an unskilled, and incompetent servant, and thereby ran the truck into the plaintiff and injured him. It is the opinion of the court that the act of negligence complained of is sufficiently described, it being also alleged that the injury was caused by reason of such negligent act. The counts are good.

[2, 3] The averment in the third count is that:

"The said plaintiff * * * by and through the negligence of the said defendant in permitting its said servant to operate said truck upon said road without a license authorizing him so to do, was run into," etc.

The act of driving the motor truck without a license is prohibited by statute, and it is held in negligence cases to constitute negligence *per se*. But the act itself does not constitute actionable negligence. Between the violation of the statute and the injury complained of there must be shown a causal connection or relation. Nothing of this sort is averred in the count, and it is insufficient. *Lindsay v. Cecchi*, 3 *Boyce*, 133, 80 *Atl.* 523, 35 *L. R. A.* (*N. S.*) 699. Whether in an action for negligence the owner, or driver, had a license or not, authorizing him to drive the truck, is in itself a vain thing. The vital question is whether the act described was negligently done.

The demurrer is overruled as to the first and second counts, but sustained as to the third.