[L. A. No. 5582.   In Bank.—October 22, 1920.]

EMMA JONES SPENCE et al., Respondents, v. HENRY FISHER, Appellant.

[1] NEGLIGENCE—DRIVING OF AUTOMOBILE BY ADULT MEMBER OF FAMILY—LIABILITY OF FATHER.—A father, who is not guilty of personal negligence in the matter, is not liable for damages sustained by third parties by reason of the negligent driving of an automobile, by an adult member of his family, when such member of the family is using the same for his or her own purposes, the automobile being owned and maintained by the father for the general convenience, use, and pleasure of his family, and the particular member of the family operating the same having his permission to use the same at his or her pleasure.

---

1. Liability where automobile is being used by a member of owner's family, notes, Ann. Cas. 1914C, 1091; Ann. Cas. 1916A, 661; Ann. Cas. 1917D, 1002; Ann. Cas. 1918E, 1137; 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 297.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

Duke Stone and Barnhill & Pratt for Appellant.

Allison & Dickson for Respondents.

ANGELLOTTI, C. J.—This is an appeal from a judgment in favor of the plaintiffs in two actions which, by stipulation of the parties, were treated and tried as one action in the superior court. The plaintiffs are husband and wife, and the actions were for the recovery of damages for personal injuries occasioned by a collision between a horse-drawn vehicle in which the plaintiffs were proceeding along a public street in the city of Redlands and an automobile owned by defendant, which was being driven along said street by one Natalia Fisher, an adult daughter of defendant.

It was alleged and found that the collision and consequent injuries were due to the negligence of Miss Fisher in the operation of the automobile. Assuming the finding in this regard to be sufficiently supported by evidence, the remaining question is as to the liability of defendant for the result of his daughter's negligence.

On this branch of the case there is no dispute as to the material facts. Defendant was the owner of the automobile and kept and maintained the same for "the use, convenience, and pleasure of his family." His daughter, then nineteen years of age, resided at the family home in Redlands with her father and mother. She was accustomed to drive the car, and had defendant's permission to use the same whenever she saw fit to do so. At the time of the accident she was driving the automobile on her way to a concert for her own pleasure, which she was attending without direction or suggestion from her father or mother, having as her guest in the car the governess of defendant's younger daughter, who was a member of defendant's household, but not a member of his family. In this respect the finding of the trial court is that the automobile was being operated by Miss Fisher, accompanied by Miss Peisch, the governess, "for the convenience, use, and pleasure of the said Natalia Fisher, and

the said Mae Peisch.'' No other member of the family was in the car. Defendant was absent from Redlands that day, and knew nothing of this particular use of the car until after the accident.

Upon these facts the question is presented as to the liability of a father who is not guilty of personal negligence in the matter, for damages sustained by third parties by reason of the negligent driving of an automobile, by an adult member of his family, when such member of the family is using the same for his or her own purposes, the automobile being owned and maintained by the father for the general convenience, use, and pleasure of his family, and the particular member of the family operating the same having his permission to use the same at his or her pleasure.

This question has never been decided by this court. The father was held liable under such circumstances by the district court of appeal of the first appellate district in *Crittenden* v. *Murphy et al.,* 36 Cal. App. 803, [173 Pac. 595]. No petition for a hearing of that case was presented to this court and the decision became final without any consideration of the matter by us. In the earlier case of *McWhirter* v. *Fuller,* 35 Cal. App. 288, [170 Pac. 417], the same doctrine was enunciated by the same court, but there it was manifestly *dictum,* and in denying a petition for a hearing in this court we withheld approval of that portion of the opinion. (35 Cal. App. 292, [170 Pac. 419].)

The question is one in regard to which there is an irreconcilable conflict in the decisions of the courts of last resort of the various states in which it has been presented for consideration. It may safely be said, however, that it is now generally conceded that, in the absence of statutory provision for such a liability, the liability of the father must be based upon the conclusion that the negligence of the driver is imputed to him on the theory that such driver was acting as the agent or servant of the father in driving the car. No authority sustaining the doctrine of liability under such circumstances that we have seen puts the decision on any other ground, even when the driver was a minor child, in the absence of a statute creating it, it being recognized that there is nothing in the nature of the automobile itself or in the relationship of parent and child, aside from the fact that the latter is a member of the family of the parent, to create such a liability.

Of course, all the courts recognize the general rule that the parent is not liable for the torts of his child.

As we said in *Bryant* v. *Pacific Electric Ry. Co.*, 174 Cal. 737, [164 Pac. 385] : "In order that the negligence of one person may be properly imputed to another they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies." On principle it seems difficult to conceive of any such relationship under the circumstances we have stated. It is true that the law of agency is not confined to business transactions, and we can readily conceive of the automobile so provided and maintained being used at a particular time by a member of the family under such circumstances as to make such member of the family the agent or servant of the father in such use. A plain case of such a use would appear in the event that the member of the family was using the machine on some special mission of the father, doing something that he had been directed by the father to do for him. The negligence of the driver would then be imputed to the father, not because the former was a member of the family, but because he was the agent or servant of the father, engaged in the father's business, precisely as if he were the hired chauffeur of the father. And we can conceive of many situations with relation to the use by a member of the family of a machine so kept and maintained as to which it might fairly be held that the driver was engaged at the particular time on the business of the father, and acting within the scope of his employment as agent or servant of the father. As was said by the court of appeals of New York in *Van Blaricom* v. *Dodgson,* 220 N. Y. 111, [L. R. A. 1917F, 363, 115 N. E. 443], "the question whether one person is the agent of another in respect of some transaction is to be determined by the fact that he represents and is acting for him," and wherever the situation is such that the driver may fairly be said to be acting *for the father* in his use of the automobile, the doctrine of imputed negligence may be held applicable. But it seems to us that it cannot reasonably be held that a member of the family using a car so provided, kept, and maintained by the father for the pleasure and convenience of his family, solely on his own mission for his own personal pleasure or convenience, is acting for his father or is engaged on the father's business, notwithstanding that such use was one of

the purposes for which the car was provided and maintained. In such a situation we would have simply a permissive use of the father's car by another, solely on that other's business, practically the same use of the owner's automobile that is had by one not a member of his family to whom he loans it for such third party's own use or enjoyment, the only difference being that in the latter case the car is not provided, kept, and maintained by the owner for the purpose of allowing others to use it. It seems to us that this is an immaterial factor. For the purposes of argument we may conceive of some kind-hearted individual who keeps a car for the avowed purpose of not only using it himself but also of allowing his less opulent friend and neighbor to use it whenever he desires to do so. Certainly in such a case no one would claim that when the neighbor is using it solely on his own mission he was acting as the agent of the owner.

Some of the courts appear to hold that where a car is so provided and maintained by a father for the use of the members of his family for their pleasure and convenience, he makes that pleasure and convenience his own "business," and that any member of the family using the car exclusively for his or her own purposes is doing so in carrying on the business of the father as the father's agent. As the New York court of appeals said in *Van Blaricom* v. *Dodgson, supra,* this is certainly "an advanced proposition in the law of principal and agent," presenting "a case of such theoretical and attenuated agency, if any, as would be beyond the recognition of sound principles of law as they are ordinarily applied to that relationship." The idea that a capable child in using for his own pleasure some article that a kind father has provided for the enjoyment of the members of his family, is carrying on, as his father's agent, his father's business, in thus entertaining himself, is somewhat unique. As one of the courts in criticism of this view suggested, it would have to be held thereunder that an adult son, a member of his father's family, using a car so provided and maintained for the use of any member of the family, for the sole purpose of taking his own "best girl" riding, would in so doing be carrying on his father's business, acting as his father's agent. (*Watkins* v. *Clark*, 103 Kan. 629, 631, [176 Pac. 131].) Such a case would be no different, in so far as the principles applicable to the relations of

principal and agent or that of master and servant are concerned, from any case of the permissive use of the car by a member of the family solely for his own pleasure or convenience. Of course, it is true that every good father makes it his "business," in a certain sense of that word, to furnish so far as he can, for use by the members of his family, all those things that will contribute to their convenience and pleasure. But to our minds his doing this cannot, by any sound reasoning, warrant a conclusion that, in the subsequent use of the thing by a member of the family solely for his own convenience or pleasure, while engaged exclusively on a mission of his own, such member of the family is engaged on the father's business or in any way acting as his agent or servant.

[1] We conclude that upon the facts stated at the outset, there is no liability on the part of the father for the negligence of his daughter. Our conclusion finds ample support in what appears to us to be the weight of authority. (See *Doran* v. *Thomsen,* 76 N. J. L. 754, [131 Am. St. Rep. 677, 19 L. R. A. (N. S.) 335, 71 Atl. 296]; *Parker* v. *Wilson,* 179 Ala. 361, [43 L. R. A. (N. S.) 87, 60 South. 150]; *Van Blaricom* v. *Dodgson,* 220 N. Y. 111, [L. R. A. 1915E, 363, 115 N. E. 443]; *Loehr* v. *Abell,* 174 Mich. 590, [140 N. W. 926]; *Bolman* v. *Bullene* (Mo.), 200 S. W. 1068; *Hays* v. *Hogan,* 273 Mo. 1, [Ann. Cas. 1918E, 1127, L. R. A. 1918C, 715, 200 S. W. 286]; *Blair* v. *Broadwater,* 121 Va. 301, [L. R. A. 1918A, 1011, 93 S. E. 632]; *Zeeb* v. *Bahnmaier,* 103 Kan. 599, [2 A. L. R. 883, 176 Pac. 326]; *Watkins* v. *Clark,* 103 Kan. 629, [176 Pac. 131]; *Elms* v. *Flick* (Ohio), 126 N. E. 66; *Arkin* v. *Page,* 287 Ill. 420, [5 A. L. R. 216, 123 N. E. 30].)

Many of the cases cited by learned counsel for respondent fail to sustain any claim of liability on the part of the father in such a case as the one before us. In *McNeal* v. *McKain,* 33 Okl. 449, [41 L. R. A. (N. S.) 775, 126 Pac. 742], a minor son was operating a car, so kept, in which at the time were his sister and a guest of the family, who were being carried for their pleasure. The court took occasion to say that the father would not be liable if the son were driving on his own business exclusively. The Missouri cases cited, *Daily* v. *Maxwell,* 152 Mo. App. 415, [133 S. W. 351], and *Hays* v. *Hogan,* 180 Mo. App. 237, [165 S. W. 1125], both from in-

ferior courts, were overruled by later supreme court decisions. In *Smith* v. *Jordan*, 211 Mass. 269, [97 N. E. 761], the father was held liable, but the decision was based upon the fact that the minor son was driving his mother, in accord with general instructions expressly or impliedly given by the father, and the court took occasion to say that if the son had been operating the car in the performance of some independent design of his own, there would have been no liability on the part of the father. In *Lemke* v. *Ady* (Iowa), 159 N. W. 1011, the minor child was driving his mother and two visiting guests, and it was said that to sustain a claim of liability on the part of the father it must appear that the minor was engaged in some act for the benefit of the father or some member of the family. In *Stowe* v. *Morris*, 147 Ky. 386, [39 L. R. A. (N. S.) 224, 144 S.. W. 52], the minor son was driving his sister and her friends. In *Farnham* v. *Clifford*, 116 Me. 299, [101 Atl. 468]; the question is not decided, the court putting stress on an admission of liability on the part of the defendant as making the evidence sufficient to support the verdict. *Hiroux* v. *Baum*, 137 Wis. 197, [19 L. R. A. (N. S.) 332, 118 N. W. 533], is not in point. The father had purchased the car and arranged to have his son learn to drive it for the further use of the car, and the son was driving it under the instructor's guidance at the time of the accident. This was held sufficient to support the conclusion that he was then engaged in his father's business. The contention of respondent is, however, upheld by the opinions in *Kayser* v. *Van Nest*, 125 Minn. 277, [51 L. R. A. (N. S.) 970, 146 N. W. 1091]; *Uphoff* v. *McCormick*, 139 Minn. 392, [166 N. W. 788]; *Birch* v. *Abercrombie*, 74 Wash. 486, [50 L. R. A. (N. S.) 59, 133 Pac. 1020]; *Hutchins* v. *Huffner*, 63 Colo. 365, [L. R. A. 1918A, 1008, 167 Pac. 966]; *Griffin* v. *Russell*, 144 Ga. 275, [Ann. Cas. 1917D, 994, L. R. A. 1916F, 216, 87 S. E. 10]; *Lewis* v. *Steele*, 52 Mont. 300, [157 Pac. 575]; *Boer* v. *Howell*, 24 N. M. 142, [L. R. A. 1918F, 288, 173 Pac. 966]; *Davis* v. *Littlefield*, 97 S. C. 171, [81 S. E. 486]; *King* v. *Smythe*, 104 Tenn. 217, [L. R. A. 1918F, 293, 204 S. W. 296]; *Allen* v. *Bland* (Tex. Civ. App.), 168 S. W. 35, and our own district court of appeal case of *Crittenden* v. *Murphy*, 36 Cal. App. 803, [173 Pac. 595].

As we have said, there is a hopeless conflict in the decisions, but we are of the opinion that the weight of authority is in accord with our conclusion. The only statutory enactment in any way touching such a matter that we have thus far is the provision of the Motor Vehicle Act of 1919, which requires the parents of a *minor* child to join in the minor's application for a license to operate a car, and provides that any negligence of such minor in operating the car shall be imputed to the persons signing such application. (Motor Vehicle Act, sec. 24.)

The judgment in each case is reversed.

Olney, J., Shaw, J., Wilbur, J., Lennon, J., Sloane, J., and Lawlor, J., concurred.