[Civ. No. 2554. Third Appellate District.—February 24, 1923.]

## WILLIAM ROCCA, etc., Appellant, v. D. H. STEINMETZ et al., Respondents.

[1] Negligence — Permissive Use of Automobile — Knowledge of Incompetency—Liability of Owner.—An owner of an automobile who permits his son to use it with knowledge that his son is a careless and reckless driver is guilty of negligence and liable for damage caused by the son in the operation of the machine.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Reversed.

The facts are stated in the opinion of the court.

J. C. Webster and C. H. Grayson for Appellant.

J. B. Curtin for Respondents.

BURNETT, J.—The defendants are father and son, and the complaint charges Steinmetz, Jr., with having recklessly and negligently driven an automobile off the road and down an embankment, whereby one Marguerite L. Rocca, mother of William Rocca, was killed, she being at the time a passenger in the automobile and a guest of said driver. It is alleged that Steinmetz Sr. was the owner

---

1. Liability of owner of automobile for acts of child, notes, Ann. Cas. 1914C, 1091; Ann. Cas. 1916A, 661; Ann. Cas, 1917D, 1002; Ann. Cas. 1918E, 1146.

of the automobile and bought and kept it for the use and
pleasure of his family, including said son; that said Stein-
metz Jr. "was at all the times herein mentioned a careless
and reckless person and careless and reckless driver of said
automobile and the said D. H. Steinmetz knowing said
D. H. Steinmetz Jr. to be such a careless and reckless
person and careless and reckless driver of said automobile,
negligently allowed and permitted said D. H. Steinmetz
Jr. to drive said automobile; and that at and immediately
prior to the time of the accident hereinafter referred to,
defendant, J. H. Steinmetz Jr. was driving said automo-
bile with the consent, knowledge and permission of de-
fendant, D. H. Steinmetz, and was acting in furtherance of
and not apart from the service and control of defendant,
D. H. Steinmetz, and within the purposes for which said
automobile was purchased."

A demurrer was interposed by Steinmetz Sr. which was
sustained by the court, and from the judgment of dismissal
of the action as to him the appeal has been taken. While
the demurrer was both general and special, the only point
argued relates to the sufficiency of the facts to charge the
father with any liability for the accident. It is the claim
of respondent that no such liability is shown and he thinks
the situation is covered by this question: "May a father,
who owns an automobile, be held liable in an action for
damage resulting from personal injuries simply and solely
because he loaned his automobile to an adult son, who took
the same for a pleasure ride, there being no business rela-
tion between father and son, in connection with the ride
that resulted disastrously?"

He answers the question in the negative and in support
thereof he cites *Spence* v. *Fisher*, 184 Cal. 209 [14 A. L. R.
1083, 193 Pac. 255]. If the case were as thus presented
by respondent, we should be compelled to agree with him
in his conclusion. In *Spence* v. *Fisher*, indeed, the ques-
tion was, as stated by the learned Chief Justice, "as to
the liability of a father who is not guilty of personal negli-
gence in the matter, for damages sustained by third parties
by reason of the negligent driving of an automobile, by
an adult member of his family when such member of the
family is using the same for his or her own purposes, the

automobile being owned and maintained by the father for the general convenience, use, and pleasure of his family, and the particular member of the family operating the same having his permission to use the same at his or her pleasure.'' Therein the liability of the father was sought to be maintained upon the ground that the daughter in thus using the machine for her own convenience and pleasure was the agent of the father and was thereby carrying on his business, since he purchased the automobile for that purpose. The doctrine of *respondeat superior* was therefore invoked, but the supreme court held this view to be unsound, although admitting that upon the subject the authorities are in hopeless conflict. This case, though, presents the *vitally* additional feature that the father permitted and allowed the son to use the automobile, *knowing that said son was a careless and reckless person and a careless and reckless driver*. Such element distinguishes this from any case which has heretofore been considered by the appellate courts of this state. In this view we are confirmed by the declaration of the supreme court in the opinion rendered on the motion to dismiss this appeal (189 Cal. 426 [208 Pac. 964]), as follows: ''It is not necessary to say anything in regard to the liability of D. H. Steinmetz further than this, that his liability has never been decided in any court in this state. He is not sued as the mere owner of the automobile, but is sued as the owner who has allowed and permitted his son to drive his automobile knowing that his son is a reckless and careless driver of said automobile. That fact differentiates it from all other cases on the subject.''

While it is true that this important question has not been finally adjudicated in California it must be admitted that the authorities from other jurisdictions, with but a single dissent as far as our investigation has gone, uphold the contention of appellant that his complaint shows liability on the part of Steinmetz Sr. for the accident.

In Berry on Automobiles, third edition, section 1040, the rule is thus stated: ''Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his want of age or experience, or his physical

or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine. An automobile is a machine that is capable of doing great damage if not carefully handled, and for this reason the owner must use care in allowing others to assume control over it. If he intrusts it to a child of such tender years that the probable consequence is that he will injure others in the operation of the car, or if the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in intrusting the car to an incompetent person is deemed to be the proximate cause of the damage.

"In such a case of mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver; negligence of the owner in intrusting the machine to an incompetent driver, and of the driver in its operation."

The same rule of negligence is announced in the second edition of "The Law Applied to Motor Vehicles," by Babbitt, section 910, and the very recent work of "Huddy on Automobiles," sixth edition, section 662.

In *Raub* v. *Donn,* 254 Pa. St. 203 [98 Atl. 864], the supreme court of Pennsylvania held that the trial court did not err in instructing the jury: "It is the duty of a man to see that his automobile is not run by a careless, reckless person, but that it is in the hands of a skillful and competent person."

In *Gardiner* v. *Solomon,* 200 Ala. 115 [L. R. A. 1917F, 380, 75 South. 623], it was declared that while automobiles are not regarded as inherently dangerous instrumentalities, and the general rule is that the owner is not liable for the negligent use of the same by another except upon the theory of *respondeat superior,* yet an exception exists when he knowingly intrusts it to one who is so incompetent as to convert it into a dangerous instrumentality. It was also held therein that the allegation that "Thomas was, and long had been, a careless, indifferent, heedless and reckless driver of such car" was the equivalent to charging that he was "incompetent."

In *Tyree* v. *Tudor et al.*, 183 N. C. 340 [111 S. E. 714], the supreme court of North Carolina held that "where an automobile owner, knowing the reckless character of his sixteen year old son, gave him permission to use the car to convey a young lady to and from a dance, he was liable for his son's negligent driving causing her death."

There are other decisions to the same effect, but further citation is deemed unnecessary.

In his reply brief respondent, referring to the authority of Berry, declares that the cases cited by him are not in point. *Brown* v. *Green*, 6 Boyce (Del.), 449 [100 Atl. 475], he affirms, places the liability upon the ground that the automobile was driven by the servant of the defendant. It does not appear from the decision whether the driver was acting within the scope of his authority, but the Delaware court declared: "The negligent act averred in these two counts is in permitting the motor truck to be operated upon the road by an unskilled and incompetent servant, and thereby ran the truck into the plaintiff and injured him. It is the opinion of the court that the act of negligence complained of is sufficiently described, it being also alleged that the injury was caused by reason of such negligent act."

It is true the court refers to the driver as the "servant" of the defendant, but it is a fair inference that the distinguishing feature in the mind of the court was the unskillfulness and incompetency of the driver of which "the defendant had knowledge or should have had knowledge," this latter element appearing in the reported statement of the facts.

It seems to be true that the decision in *Lynde* v. *Browning*, 2 Tenn. C. C. A. 262, was grounded upon the doctrine that the driver was the agent of his father, the owner of the machine, while the former was operating the càr for his own pleasure with the father's consent, and to that extent it is opposed to the doctrine of *Spence* v. *Fisher, supra*, and is not the law in this state.

It is said that *Parker* v. *Wilson*, 179 Ala. 361 [43 L. R. A. (N. S.) 87, 60 South. 150], did not involve the point and was exactly like *Spencer* v. *Fisher* and decided the same way. This is true, although, as *dictum*, the court declared: "No doubt liability will arise where the owner intrusts a

machine of such dangerous potentialities to the hands of an inexperienced or incompetent person, whether child or servant. In the case of a mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver, negligence of the one in intrusting the machine to an incompetent driver, of the other in its operation.''

It is admitted by respondent that *Beville* v. *Taylor*, 202 Ala. 305 [80 South. 320], and *Gardiner* v. *Solomon*, 200 Ala. 115 [L. R. A. 1917F, 380, 75 South. 621], do sustain the text.

Respondent is entirely mistaken in the claim that *Allen* v. *Bland*. (Tex. Civ. App.), 168 S. W. 35, and *Raub* v. *Donn*, 254 Pa. 203 [98 Atl. 861], were like the Spence case and decided the same way. In the former the liability of the father was expressly and exclusively grounded upon the claim that his son, who was driving the car, was ''a very small, weak, reckless, careless and inexperienced boy, wholly unfit and incapacitated to drive or steer an automobile . . . all of which facts were well known to defendant.''

In the latter it was held that there was sufficient evidence to submit to the jury the question ''whether the son was acting within the scope of his duties as an employee of his father at the time of the accident,'' and also, since there was evidence that ''the son had a reputation for reckless driving, of which defendant was aware, it was not error to submit that question to the jury, and to charge that it was the duty of a man to see that his automobile was not run by a careless or reckless person, but by a skillful and competent operator.''

As to the cases cited by respondent, it may be said that in only one of them is it held that liability will not attach to the owner if he has, with knowledge of the character of the driver, allowed and permitted his automobile to be driven by an incompetent or reckless person and thereby through the negligence of said driver injury has resulted to a third person.

In *Neubrand* v. *Kraft*, 169 Iowa, 444 [L. R. A. 1915D, 691, 151 N. W. 455], the liability was sought to be established upon the ground that ''one who lets an automo-

bile for hire is responsible for the proper skill and care of the person to whom he intrusts it''; in other words, that he must inquire at his peril as to the competency of the driver. This was the question considered by the Iowa supreme court when it declared: ''But the owner of a livery-stable or garage making a business of letting teams or carriages or motor-cars to customers has never been held to any such rule of responsibility by any court, so far as the precedents have· been ˙ called to our attention, and we think there is no general rule or principle necessitating such conclusion.'' The court, however, by way of *dictum* did say: ''Cases may be imagined perhaps, where an owner recklessly lets his spirited team or his automobile to an immature child, or to a person who is intoxicated or otherwise manifestly incompetent to manage or control it, with the natural result of a collision upon the public street and consequent injury to others. It may well be that under such circumstances the owner would be held liable in damages, not because as owner he is required to vouch to the public for the competency of all persons to whom he may let his teams or his cars for hire, but because he knew the incompetency of this particular driver and the imminent peril to which he thereby exposed others who were in the lawful use of the streets, and as a person of ordinary prudence should have refrained from so doing.''

*Brinkman* v. *Zuckerman,* 192 Mich. 624 [159 N. W. 316], and *Cohen* v. *Meador,* 119 Va. 429 [89 S. E. 876], are not in point as there was no claim in either case that the driver was reckless or incompetent or that the owner had any reason to believe that the driver was not a proper person to be intrusted with the car.

The only case cited by respondent that seems to uphold his contention is *Doran* v. *Thomsen,* 74 N. J. L. 445 [66 Atl. 897], wherein it was alleged in the third count of the complaint that ''the defendant carelessly allowed his daughter, an inexperienced, careless and incompetent person, to operate the vehicle in such manner as not to have it under proper control, well knowing that it was operated by his daughter, and that she was inexperienced and incompetent and defendant utterly failed and neglected to take any means to prevent the said motor vehicle from being so oper-

ated by his said daughter." The supreme court of New
Jersey in that case seems to have lost sight of the distin-
guishing characteristic of that count and to have treated
it as an attempt to charge liability upon the ground of
agency.

In considering the decisions it is helpful to classify them
as suggested in the note to *Neubrand* v. *Kraft, supra,* in
L. R. A. 1915D, page 692: "(1) Cases where the car was
taken without the consent of the owner; (2) cases where the
owner intrusted the car to a competent and ordinarily
careful person, who, however, was negligent on the par-
ticular occasion; (3) cases where the owner intrusted the
car to a person who was known to be incompetent or negli-
gent or not known to be competent or careful." As the
author states, in the first of these classes there is no ground
for holding the owner liable, at least in the absence of
negligence on his part in guarding against the unauthorized
use of his car. In the second class the question of liability
turns upon the doctrine of *respondeat superior;* in other
words, whether the driver was acting within the scope of his
authority as an agent of the owner. "In the third class,"
the author says, "there is a tendency, on the part of the
later cases at least, to hold the owner responsible because
of his negligence in intrusting the car to a person known
to be incompetent or negligent."

[1] In its simplest form the question is whether the
owner when he permits an incompetent or reckless person,
whom he knows to be incompetent or reckless, to take and
operate his car, acts as an ordinarily prudent person would
be expected to act under the circumstances. If he were to
intrust his car to a person whom he knew to be insane
or intoxicated or utterly incompetent to run a car, it
would certainly shock the common understanding to hold
that he was not chargeable with negligence. There can be
no difference in principle but only in degree where he
knows the driver to be careless and reckless in the opera-
tion of the machine. In any such case consideration for
the safety of others requires him to withhold his consent
and thereby refrain from participating in any accident that
is liable to happen from the careless and reckless driving
of such a dangerous instrumentality.

It must be remembered that we are simply passing upon the sufficiency of the complaint to state a cause of action against Steinmetz Sr., and of that we feel no doubt.

The judgment is reversed.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1923.