No. 32,546

ROBERT L. PENNINGTON, *Appellant*, v. THE DAVIS-CHILD MOTOR COMPANY, and PAUL JONES, *Appellees*.

(57 P. 2d 428)

Opinion filed May 9, 1936.

*Walter F. Jones, C. E. Chalfant* and *J. Clair Stevens*, all of Hutchinson, for the appellant.

*J. S. Simmons, Alva L. Fenn* and *Herbert E. Ramsey*, all of Hutchinson, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages growing out of an automobile collision. Judgment was for defendant. Plaintiff appeals.

The petition alleged that plaintiff was driving his car on the highway, and that defendant, Paul Jones, negligently, while driving a car with the knowledge and consent of, and owned by the defendant, the Davis-Child Motor Company, ran into the rear of the plaintiff's car, injuring him and damaging his car. Because the outcome of the case turns on the interpretation to be given the petition it will be quoted as follows:

"That the said defendant, Paul Jones, at the time of the collision as aforesaid was intoxicated and under the influence of liquor; that the said defendant, Paul Jones, had been drinking almost continuously since about ten o'clock the morning of April 28, 1934.

"That while the said Paul Jones was under the influence of liquor he went to the salesroom of the defendant, the Davis-Child Motor Company, and asked the salesman in charge to borrow the said Chrysler coupé; that the defendant, the Davis-Child Motor Company refused the request of the said Paul Jones; that thereafter at about four o'clock of the afternoon of April 28, 1934, the defendant, Paul Jones, again appeared at the salesroom of the Davis-Child Motor Company and asked to use the Chrysler coupé until the next day; that the said Paul Jones had during the entire afternoon been drinking and was under the influence of liquor; that the defendant, the Davis-Child Motor Company, negligently and carelessly and without regard to the safety of others who might be using the highways allowed the said Paul Jones to take the said Chrysler car for use until the next day.

"That the said defendant, Paul Jones, is now and has been for several years last past insolvent, judgment-proof and unworthy of any credit whatsoever; that the said Paul Jones was not in a financial position to purchase said automobile on April 28, 1934; that in truth and in fact if the defendant, the Davis-Child Company, had inquired as to the credit ratings and credit records of the said Paul Jones it would have been ascertained that the said Paul Jones was not worthy of any credit in any amount for the purchase of said car.

"IV. That the said Paul Jones has a reputation in the Hutchinson community of being one who becomes frequently intoxicated; that upon intoxication the defendant, Paul Jones, becomes a reckless and careless person; that if allowed to drive an automobile during intoxication the said Jones is a dangerous and incompetent driver; that the Davis-Child Motor Company knew all of the aforesaid facts; that if any of said facts were unknown to the defendant, the Davis-Child Motor Company, said facts could have been ascertained by the slightest inquiry; that the Davis-Child Motor Company was negligent and careless in failing to make inquiry as to the habits and conduct of the defendant Jones.

"That the defendant, the Davis-Child Motor Company, allowed said car to be driven by the defendant Jones without regard to the safety of others; that the said Paul Jones was under the influence of liquor at the time he drove the said Chrysler coupé out of the Davis-Child Motor Company's salesroom on the afternoon of April 28, 1934; that the said defendant motor company knew all of said facts and could have ascertained by reasonable diligence that the defendant Jones was a dangerous, careless and reckless person on the highways while driving an automobile under the influence of liquor; that by reason of the carelessness and negligence of the said defendants as heretofore alleged, the said defendant Jones collided with and ran into the back end of plaintiff's automobile."

The trial court sustained the demurrer of the motor company to this petition. From this judgment plaintiff appeals.

The only question in the case is whether the owner of an automobile is liable to injured third parties where such owner lends his car to a person to drive who is under the influence of intoxicating liquor.

It will be noted that the petition charges that defendant Jones became a reckless driver when intoxicated; that defendant motor company knew this; and that if this were unknown to the motor company these facts could have been ascertained by the slightest inquiry; that Jones was under the influence of liquor at the time he drove the car out of the salesroom of defendant motor company, and that defendant motor company knew this.

In *Priestly v. Skourup*, 142 Kan. 127, 45 P. 2d 852, the action was against a father and son. The petition alleged that plaintiff was struck by a car driven by the son and that the son was a reckless driver, and that at the time the father permitted the son to drive the car he knew the son was a careless and reckless driver. The petition was held to state a cause of action against the father as well as the son. The opinion quotes and relies on the Restatement, Torts, § 390. This reads as follows:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows, or from facts known to him should know, to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of bodily harm to himself and others whom the supplier should expect to share in, or be in the vicinity of its use, is subject to liability for bodily harm caused thereby to them."

The third illustration under that statement is as follows:

"A permits B, his chauffeur, who to his knowledge is in the habit of driving at an excessive speed, to use his car to take B's family to the seashore. While driving the car for this purpose, B drives at an excessive rate of speed and harms C. A is liable to C."

In conclusion this court said:

"We have no hesitancy in concurring in the conclusion reached by the trial court, which is strongly supported by the logical reasoning contained in the foregoing authorities, to the effect that the owner of an automobile, who lends it to one he knows to be an incompetent, careless and reckless driver, or has reasonable cause to know him to be such, is guilty of negligence in permitting such party to use, drive or operate the same along the public streets of a city, and is liable to third parties injured by such driver in the negligent operation of such automobile." (p. 132.)

That is a well-considered, carefully written opinion and not much more needs to be said on the subject. The question remains whether the fact that the owner of a car knew that a man became a careless and reckless driver while intoxicated and that he was intoxicated and the owner of the car knew he was intoxicated at the time he permitted him to take the car, brings the car owner under the rule

stated in *Priestly v. Skourup.* Here we have some assistance from the Restatement, Torts, § 390. We have already seen one of the illustrations under that paragraph. The fourth illustration under that paragraph is as follows:

"4. A lends his car to his friend B for B to use to drive a party of friends to a country-club dance. A knows that B has habitually become intoxicated at such dances. On the particular occasion B becomes intoxicated and while in that condition recklessly drives the car into the carefully driven car of C, and causes harm to him. A is liable to C."

It will be seen that the person to whom the car was loaned under that illustration was not drunk at the time the car was loaned to him but was borrowing the car to drive to a place where the owner knew the borrower habitually got drunk. That case was not as strong as the case before us, where the borrower of the car was intoxicated at the time he was permitted to take the car.

With as many drunken drivers on the highways as there are, this question was certain to reach some courts of last resort. In *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6, the person injured sought to hold the owner of a car liable where he had loaned it to a man knowing he had whisky and was going on a drunken spree. The trial court instructed the jury that if the owner loaned the automobile with the intention or understanding that the driver was to drive it, and with the knowledge that the driver was likely to become under the influence of intoxicating liquors, and if, with that knowledge, he entrusted the automobile to the driver under such circumstances as would produce in the mind of a reasonable man reasonable grounds for belief that the driver of the automobile might become intoxicated, then and in that event, if the driver was liable, the owner would be liable. This instruction was approved.

In *Crowell v. Duncan,* 145 Va. 489, 134 S. E. 576, the court upheld an instruction that where the plaintiff was injured and the injuries were caused by the negligent act of the driver of a car, and the negligent manner in which the car was being driven was because the driver was intoxicated, and that the driver was in the habit of becoming intoxicated, and that the owner of the car knew all this, then the owner was liable.

In the case of *Rocca v. Steinmetz,* 61 Cal. App. 102, 214 Pac. 257, a father who knowing his son to be a careless and reckless driver, nevertheless permitted him to drive his car, was sought to be charged. The court in considering the question said:

"If he were to entrust his car to a person whom he knew to be insane or intoxicated or utterly incompetent to run a car, it would certainly shock the common understanding to hold that he was not chargeable with negligence." (p. 109.)

We think there is ample authority and good reason to bring an action where the driver of a car was intoxicated and known by the owner of the car to be intoxicated when the car was turned over to him, under the rule announced in *Priestly v. Skourup*, supra. The decision does not turn on what the reputation of the driver was as to being a reckless driver when intoxicated. The point is, Was he drunk when he was permitted to take the car out of the garage, and did the motor company know it? We have noted the arguments of counsel for appellee, but they may be more properly raised on the trial of the case than by a demurrer to the petition.

The judgment of the trial court is reversed with direction to proceed to try the case.