[Civ. No. 996.   Third Appellate District.—October 23, 1912.]

JOAKIM LANG, Administrator of the Estate of Albert Lang, Deceased, Appellant, v. THE LILLEY & THURSTON COMPANY (a Corporation), JOHN J. MAHONY and JEREMIAH MAHONY, Copartners, etc., et al., Defendants; THE LILLEY & THURSTON COMPANY (a Corporation), Respondent.

ACTION FOR DEATH OF WORKMAN IN ELEVATOR SHAFT—UNSKILLED PERSON RUNNING ELEVATOR.—A complaint in an action against a copartnership employed on a building, and against a corporation employed by such copartnership thereon, to recover for the death of an employee in an elevator used in the building, which alleges that the elevator was operated by an unskilled person, states no cause of action against the corporation, where it does not allege that the corporation knew that an unskilled person was employed to run the elevator, or had anything to do with employing such person,. or directing his work, nor aver that the elevator shaft was a dangerous place to work, or was dangerous from any inherent defect in the elevator or shaft, or in the machinery by which it was operated, and shows no ground of danger other than merely because the elevator was operated by such unskilled person.

ID.—PRINCIPLE UNDERLYING DECISIONS AS TO EMPLOYER'S DUTY TO MAKE PLACE OF WORK SAFE.—The principle underlying the decisions relating to the employer's duty to furnish a safe place in which the employee is put to work is, that the employer cannot be justly charged with negligence as to matters over which he has no control. In the present case the defendant corporation had absolutely no control over the operation of the elevator by the partnership.

ID.—PARTIES—JOINDER OF TORT-FEASORS—CONCURRENT NEGLIGENCE.— An action cannot be maintained against several tort-feasors, as defendants, jointly, where there has been no concert of action or unity of design among them; yet, upon the other hand, where a direct personal injury is occasioned by the separate but concurring negligence of two or more persons, at one and the same time, an action will lie against one, or all of them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, and A. W. Brouillet, for Appellant.

Samuel Rosenheim, and Bernard Silverstein, for Respondent.

CHIPMAN, P. J.—This is an action to recover damages resulting from the death of plaintiff's intestate, alleged to have been caused by the negligent operation of an elevator.  A separate demurrer, both general and special, was interposed by each of said defendants, the copartnership, and the corporation, to the second amended complaint.   The court sustained each demurrer and, plaintiff declining further to amend, a separate judgment passed in favor of each defendant, that plaintiff take nothing by his action.

Plaintiff appeals from the judgment in favor of the defendant corporation; there is a separate appeal from the judgment in favor of the defendant copartnership.

Alleging that the defendant, The Lilley & Thurston Company, at all the times mentioned in the complaint, was a corporation, hereinafter referred to as the corporation, and that the defendants, John J. and Jeremiah Mahony, were, during all said times, a copartnership as Mahony Bros., hereinafter referred to as Mahony Bros., the complaint states that, on and prior to May 25, 1908, one Jacob Stern employed Mahony Bros. to erect a building on his lot in the city and county of San Francisco, and that on said mentioned day said building was in process of erection; that Mahony Bros. "so carelessly and negligently operated an elevator in said building, by means of an ignorant and unskilled employee, in whose selection the defendants (Mahony Bros.) named in this paragraph (par. IV) did not use ordinary or any care, that one Albert Lang, then working in the shaft in which said elevator was operated by said defendants (Mahony Bros.) on said date, received such personal injuries from said elevator thus operated by said defendants (Mahony Bros.) as aforesaid, that he was instantly crushed to death and killed."   In paragraph V

it is averred that Mahony Bros. "did not use ordinary or any care in the selection of their employee who was operating said elevator . . . at the time said Lang was killed." In paragraph VI it is alleged that said Albert Lang was aged twenty-three years and was in the employ of the said corporation as a housesmith; that said corporation "was in the employ of defendants," Mahony Bros., "to do certain work on said building"; that on said day said Lang was "directed by the foreman of said defendant," the corporation, "to do certain work within the elevator shaft of said building," which direction said foreman of defendant corporation had the right to give as its foreman; that, pursuant to said instructions, said Lang "went within the said elevator shaft on said May 25, 1908, and was performing said work, as previously ordered by said foreman, when said Lang was crushed to death, and killed by the counterweight of said elevator, which elevator and counterweight were then and there operated in a careless and negligent manner by an incompetent and unskilled employee of defendant," Mahony Bros., "in whose selection said defendants," Mahony Bros., "had not used ordinary or any care." It is next alleged, in paragraph VII, "that by reason of the fact that said elevator was being operated by an incompetent and unskilled employee of defendants," the said Mahony Bros., "in whose selection said defendants," the Mahony Bros., "had not used ordinary or any care, said elevator shaft was an unsafe and dangerous place, and plaintiff avers that said unsafe and dangerous condition of said elevator shaft could have been discovered by said defendant corporation . . . by the use of ordinary or reasonable care and that the said defendant," the corporation, "failed and neglected to use ordinary and reasonable care to discover the unsafe and dangerous condition of said elevator shaft." Then follows paragraph VIII in which it is alleged "That in ordering and sending said Albert Lang to work in said elevator shaft, as aforesaid, operated by an incompetent and unskilled employee of defendants," Mahony Bros., "defendant, the said corporation, was careless and negligent in not providing said Albert Lang a safe place in which to work when so ordered by its foreman, as hereinaforesaid"; that "at all the times herein mentioned said Lang was unskilled in

the use of elevators and counterweights'' and ''ignorant of the dangers to which he was subject while working in said elevator shaft.'' The remaining averments pertain to matters not necessarily involved in the questions raised by the demurrers.

The only question is—whether the complaint states a cause of action against the corporation in terms sufficient to withstand the objections raised by its demurrer. In addition to its general demurrer and also its demurrer on the ground of a misjoinder of parties, defendant corporation interposed a special demurrer on the grounds of ambiguity, unintelligibility, and uncertainty and in the following particulars:

''(a)    That it cannot be ascertained therefrom whether the plaintiff has endeavored to allege a joint cause of action against this defendant with the other defendants, or is endeavoring by said second amended complaint to allege independent causes of action against this defendant and its codefendants;

''(b)    That it cannot be ascertained therefrom what the negligence complained of this defendant consists of;

''(c)    That it cannot be ascertained therefrom in what manner it is claimed that this defendant is responsible for the employment by its codefendants of an alleged unskillful and ignorant employee;

''(d)    That it cannot be ascertained therefrom whether or not it is claimed that this defendant had any knowledge or notice of the alleged ignorance or unskillfulness of the said employee of the said defendants John J. Mahony and Jeremiah Mahony and Mahony Bros., a copartnership, prior to the happening of the accident mentioned in said second amended complaint;

''(e)    That it cannot be ascertained therefrom whether it is claimed by the plaintiff that this defendant knew prior to the happening of the accident described therein that its codefendants did not use ordinary, or any care, in the selection of their employee as alleged in said second amended complaint;

''(f)    That it cannot be ascertained therefrom whether or not it is claimed by the plaintiff that this defendant knew the alleged fact set forth in said second amended complaint that

the said elevator was operated by an ignorant and unskilled employee of its codefendants;

"(g)    That it cannot be ascertained therefrom whether the plaintiff claims that this defendant had anything to do with the employment of the said alleged unskillful employee of its codefendants, or with the retention of said employee in the employment of its codefendants;

"(h)    That it cannot be ascertained therefrom what the alleged direction of the foreman of this defendant has to do with the alleged employment of said employee of said defendants John J. Mahony and Jeremiah Mahony and Mahony Bros., a copartnership;

"(i)    That it appears affirmatively by said amended complaint that if there was any negligence which caused the death of Albert Lang, deceased, mentioned in said second amended complaint, such negligence was the negligence of the codefendants of said The Lilley & Thurston Company, and it cannot be ascertained from said second amended complaint what the alleged order of this defendant's foreman has, or had, to do with the acts of the said codefendants complained of in the said second amended complaint;

"(j)    That it cannot be ascertained therefrom whether or not it is claimed the elevator shaft mentioned in said second amended complaint, was of itself unsafe, nor why if it was safe, this defendant is chargeable with negligence for merely sending said Albert Lang, deceased, to work in said elevator shaft, as alleged in said second amended complaint;

"(k)    That it cannot be ascertained therefrom in what respect it is claimed that this defendant did not give said decedent, Albert Lang, a safe place to work."

Some of these specific objections bear upon the general demurrer for insufficiency of facts, and it may be that not all of the objections, whether in support of the general or the special demurrer, are fatal to the pleading, but we are convinced that sufficient objections are there pointed out to justify the order of the court.

The proximate cause of the accident as attempted to be shown by the complaint is apparently aimed at Mahony Bros'. negligence in employing an unskilled person to operate the elevator; there is no allegation that defendant corporation knew this fact or had anything to do with employing him or

directing his work; there is no averment that the shaft was
a dangerous place to work from any inherent or visible defect
in the shaft or elevator or the machinery by which it was
operated, nor is it shown how or why the shaft became a dan-
gerous or unsafe place in which to work other than that it
became so because the elevator was being operated by an un-
skilled person, of which fact it is not alleged that defendant
corporation knew or had reason to know or suspect from any-
thing noticeable or to which its attention was drawn.    The
averment is that the shaft was unsafe because Mahony Bros.
were operating the elevator with an unskilled person, and
that "the said unsafe and dangerous *condition* of said ele-
vator shaft could have been discovered by said defendant cor-
poration, by the use of ordinary and reasonable care, and that
said defendant, The Lilley & Thurston Company, failed and
neglected to use ordinary and reasonable care to discover the
unsafe and dangerous *condition* of said elevator shaft."
There is no averment that the shaft itself was in a dangerous
*condition*.    That the shaft was in a dangerous condition is
not to be implied from the averment that the unskilled opera-
tion of the elevator caused the dangerous condition.    The
shaft may have been dangerous from many causes and what-
ever the cause relied on by the pleader should have been
clearly stated.    There is no averment that the corporation
knew of any fact that would tend to arouse suspicion that the
condition of the elevator was such as to make it a dangerous
or unsafe place in which to work, nor that the operator was
incompetent; nor is there any relation shown between the
Mahony Bros. and the corporation that would make the one
responsible in any way for the acts of omission or commission
of the other.    So far as appears, the corporation was merely
employed to do certain work on the building in no different
capacity than any other person might have been employed and
it had a right to assume that the elevator would be properly
operated by its employer, Mahony Bros.; no duty was placed
on the corporation to employ the elevator man or to inquire
into his capabilities unless in the latter case some fact or cir-
cumstance had come to its knowledge such as should have
awakened reasonable apprehension that the elevator was not
being safely operated, and no such fact is alleged.    The aver-
ment is not that the corporation could have discovered the

unsafe condition of the shaft by some such means; the averment is but a mere statement of opinion, unsupported by any fact or circumstance occurring prior to the accident, that this defendant could have discovered the danger by the use of ordinary care. It would be requiring extraordinary care to say that it was the duty of the corporation, before directing Lang to go to work in the shaft, to first ascertain that Mahony Bros. had used ordinary care in selecting the elevator man, and that he was competent to do the work assigned to him. The situation was simply this: Mahony Bros. had the contract for all the work and were engaged in a branch of the work requiring the use of this elevator by them. They engaged the corporation to do some certain other branch of the work and, for some unexplained purpose, to send said Lang into the shaft at some unexplained part of the building to perform some unexplained work and, while there, the counterweights struck him, but under what circumstances and how it happened does not appear, except as we may suppose by the moving up or down of the elevator. We are not told what office these counterweights performed or whether they added to the danger of the place or how they contributed to its danger. The only source of danger suggested by the complaint is the unskillfulness of the elevator man. We can only conjecture, from our slight knowledge of the builders' art, that these counterweights are heavy pieces of iron used to balance the weight of the elevator in some way, and run up or down as the elevator moves down or up, and on the outside of the elevator carriage, and within and near the walls of the shaft. This is but a conjecture and may be wide of the fact, but we find nothing in the complaint to aid us in suggesting some other purpose served by the so-called counterweights. Furthermore, if, as alleged, the corporation could, by the exercise of reasonable care, have learned that the shaft was a dangerous place in which to work, and, if means of knowledge must be held equivalent to knowledge, there is no averment that the foreman of the corporation failed to warn Lang of the danger. It is not enough to allege knowledge of the danger, but it must be made to appear that the foreman, who gave the direction, failed in his duty to warn Lang, unless it also is made to appear that the danger was apparent, or the age or mental condition of Lang was such as to have justified him in enter-

ing the shaft without the exercise of his own faculties and in unquestioning obedience to his foreman. But Lang was twenty-three years old and possessed of all his faculties, so far as is made to appear, and he may have fully comprehended all the danger and voluntarily assumed the risk. So far as is alleged, the shaft itself was safe enough, except from something that was done by the Mahony Bros., for which defendant corporation is not shown to have been responsible, or with which it had any causal connection. Mahony Bros'. negligence consisted in not exercising ordinary care in the selection of its servant to run the elevator (Civ. Code, sec. 1970), the proximate cause of the accident was the unskillfulness of Mahony Bros'. servant taken into their service without using ordinary care in selecting him. But upon what principle can it be claimed that the corporation, itself an employee of Mahoney Bros. to work on the building, should be charged with negligence for not having, by the like exercise of ordinary care, seen to it that Mahony Bros'. servant was competent to run an elevator; or upon what principle can it be held for the negligent act of such person, in view of the facts alleged? We can discover no principle of law justifying such liability. The liability of the corporation must spring from what it knew or ought by the exercise of reasonable care to be presumed to have known, and not from something the Mahony Bros. did without its knowledge. We have endeavored to show wherein the complaint, in our opinion, fails to fix any legal liability upon the corporation. We do not think it necessary to consider in detail the grounds of the special demurrer.

The principle underlying the decisions relating to the duty of the employer to furnish a safe place in which the employee is put to work is, that the employer cannot be justly charged with negligence as to matters over which he has no control. In the present case the defendant corporation had absolutely no control over the operation of the elevator by its codefendants. Its liability, as we have said, had to do solely with conducting the work it was doing for the moment in the shaft and, as to its duty toward its employee in that connection, we think plaintiff has failed to show any failure or any just ground for holding it chargeable with damages.

Respondents make the point that there was a misjoinder of actions, for there is an utter failure to show the cause of the accident to have been the joint act of both defendants contributing to the injury, or that both were responsible for the one act causing the injury. Although the action seems to have been commenced against both defendants as joint tort-feasors, we have chosen to ascertain whether, considered as an action against the corporation alone, the facts alleged are sufficient. And this, for the reason, as we understand the law to be, that where there are two or more joint tort-feasors a joint and several liability might arise, in a case involving facts such as we have here. In *Doeg* v. *Cook,* 126 Cal. 213, 218, [77 Am. St. Rep. 171, 58 Pac. 707], the court said: "It is unquestionably the rule that an action cannot be maintained against several defendants jointly for damages when there has been no concert of action or unity of design amongst them. But, upon the other hand, where direct personal injury is occasioned by the separate but concurring negligence of two parties at one and the same time, an action will lie against one or all of them." (*Tompkins* v. *Clay St. Ry.,* 66 Cal. 163, [4 Pac. 1165].)

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.