[S. F. No. 10473.  In Bank.—June 2, 1924.],

## KANKICHI IDEMOTO et al., Respondents, v. ALBERT F. SCHEIDECKER et al., Appellants.

[1] NEGLIGENCE — PEDESTRIAN STRUCK BY AUTOMOBILE DRIVEN BY MINOR—LIABILITY OF PARENTS—PLEADING—PARTIES.—In an action for damages for personal injuries resulting from being struck by an automobile driven by a minor, the allegations of the complaint that the automobile had been purchased by the parents of said minor for the pleasure, comfort, enjoyment, and use of the parents and their minor son, that the latter was at all times authorized and permitted by the parents to drive said automobile, and that at the time of the injury he was driving the same with their consent, knowledge, and permission, are insufficient to fasten a liability on the parents for the injuries, and their demurrer that the complaint did not state facts sufficient to constitute a cause of action against them and that they were improperly joined as defendants with their minor son should have been sustained.

[2] ID.—PLEADING—CONCLUSION OF PLEADER.—The further allegation in such complaint that the minor son "was acting in furtherance of and not apart from the service and control of said defendants and within the purposes for which said automobile was purchased," was a pure conclusion of the pleader, and in the absence of any allegation of facts which would have the legal effect of fastening a liability upon the parents for the negligence of their minor son, such allegation would be ineffectual for any purpose.

[3] ID. — MOTOR VEHICLE ACT — OPERATOR'S LICENSE — LIABILITY OF FATHER.—The effect of the issuance of an operator's license to a minor upon the application of the father pursuant to section 24 of the Motor Vehicle Act is to charge the father with joint and several liability for actionable negligence on the part of such minor while operating a motor vehicle upon the public highway.

[4] ID.—FINDINGS—EVIDENCE.—In this action for damages for personal injuries sustained by plaintiff by being struck by an automobile while walking in a northerly direction upon the right-hand

1.  Liability where automobile is being used by a member of owner's family, notes, Ann. Cas. 1914C, 1091; Ann. Cas. 1916A, 661; Ann. Cas. 1917D, 1002; Ann. Cas. 1918E, 1137; 41 L. R. A. (N. S.) 775; 50 L. R. A. (N. S.) 59; L. R. A. 1916F, 223; L. R. A. 1917F, 365; L. R. A. 1918F, 296.

Liability of owner under "family purpose" doctrine for injuries by automobile while being used by a member of his family, notes, 5 A. L. R. 226; 10 A. L. R. 1449; 14 A. L. R. 1087.

portion of a road and when said automobile was attempting to pass plaintiff, the evidence was sufficient to support the implied finding of negligence on the part of the defendant and the implied finding of freedom from contributory negligence on the part of the plaintiff.

[5] ID.—EVIDENCE—AUTOMOBILE TRACKS.—In such action, conceding the admission of the testimony of a witness to the effect that certain automobile tracks which were seen by him immediately after the accident along the easterly side of the roadway where the plaintiff testified she was walking at the time she was struck by the defendant's Ford machine had been made by a Ford automobile, was error, it did not constitute prejudicial error, as such witness proceeded to testify to certain facts coming within his immediate observation at the time of his examination of the tracks of the machine which, if believed by the jury, would show conclusively that it was the defendant's car which made the tracks in question, and which struck and dragged the woman along the side of the road and alongside the tracks of the car.

[6] ID.—INSTRUCTIONS—DEFINITIONS OF DEGREES OF NEGLIGENCE.— Conceding it to be the rule that instructions which are inapplicable to the particular case or to the relief sought therein ought not to be given, it cannot be rigidly applied to the giving of instructions which are general in character and which have for their evident purpose that of clarifying the minds of the jurymen upon the general subject to which they relate; and thus in the instant case, where the complaint averred that the negligence of the defendant driver was "reckless and wanton," the action of the trial court in defining and differentiating in its instructions between "negligence," "wanton negligence," and "gross negligence" without applying these definitions and differentiations to the facts of the case, but with the manifest object in view of clarifying the minds of the jurymen as to the meaning of such terms, was not prejudicial error.

[7] ID.—VEHICLE APPROACHING PEDESTRIAN FROM BEHIND—LAW OF ROAD—INSTRUCTIONS.—In such action, conceding that a given instruction to the effect that "the law of the road provides that a motor vehicle approaching from behind the pedestrian walking in the same direction, in order to pass such pedestrian should turn to the left" was erroneous, nevertheless the defendant could not have in any way been prejudiced by it, where the physical facts as disclosed by the undisputed evidence showed that the automobile could not have passed the injured plaintiff except upon her left.

[8] ID.—DUTY OF PEDESTRIAN TO LOOK BACKWARD—INSTRUCTIONS.— In such action, the defendant driver having testified that he was watching the injured plaintiff as he approached her and that so

far as he saw she never looked back toward his machine, the given instruction that "a pedestrian walking along a public highway should keep a lookout ahead for vehicles approaching from in front, but such pedestrian, having no knowledge of an automobile about to approach from behind is not expected to contemplate the approach from behind of any automobile, and under such circumstances would be under no legal duty to look back or watch behind to see whether he or she was in danger of being struck or run down from behind," was applicable.

[9] ID.—DUTY OF DRIVER TO SOUND WARNING—INSTRUCTION.—In such action, the undisputed evidence being to the effect that the driver of the automobile did not sound his horn or give other warning of his approach and there being some evidence tending to show that the woman was not aware of his approach, the giving of an instruction relating to the duty of a driver approaching a pedestrian on the highway from behind to sound his horn or other warning in order to make certain that the pedestrian is aware of his rearward approach did not constitute prejudicial error.

[10] ID.—INSTRUCTION—CONSTRUCTION OF.—In such action, an instruction telling the jury that they "have been instructed now on every possible legal phase of the case. The question for you to decide after all is whether or not at the particular time shown by the evidence the defendant" driver "was guilty of negligence. Of course the testimony going both before and after the incident may throw light upon the real situation, and you are to consider all of the evidence in the case in determining your verdict," did not have the effect, as contended by defendants, of withdrawing from the minds of the jurors all questions relating to the contributory negligence of the injured plaintiff, the utmost intendment of the instruction being to advise the jury that the primary question to be determined by it was the negligence of the driver of the car.

[11] ID.—PROXIMATE CAUSE—INSTRUCTIONS.—In such action, the trial court having charged the jury that "the plaintiffs in this action are not entitled to recover damages unless it is shown by a preponderance of the evidence that the defendants were guilty of negligence in the manner stated in plaintiffs' complaint, and if the plaintiffs fail to prove such negligence on the part of defendants, your verdict must be in favor of the defendants," a finding by the jury that the defendants were guilty of negligence "in the manner stated in the plaintiffs' complaint" would of necessity amount to a finding that the negligence of the defendant driver as alleged and found was the proximate cause of the stricken plaintiff's injuries.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellants.

Wallace L. Ware, Geo. W. Murphy and A. W. Hollingsworth for Respondents.

RICHARDS, J.—Defendants appeal from a judgment in favor of plaintiffs for personal injuries suffered by Toki Idemoto as the result of an automobile accident upon the public highway. Plaintiff Toki Idemoto, while walking in a northerly direction upon the easterly or right-hand portion of the Russian River road in Sonoma County, was struck and injured by an automobile driven by the defendant Albert F. Scheidecker, Jr., while in the act of overtaking and attempting to pass her.

In behalf of the defendants Albert F. Scheidecker, Sr., and Mary L. Scheidecker, as distinguished from their codefendant Albert F. Scheidecker, Jr., it is urged upon this appeal that the court erred in overruling their demurrer to the complaint and in denying their motion for nonsuit, and that the verdict as against them is totally unsupported by the evidence. [1] These two defendants demurred to the complaint upon the ground that it did not state facts sufficient to state a cause of action against them, and that there was a misjoinder of parties defendant, in that they were improperly joined with their codefendant. The allegations of the complaint which were designed to connect these two defendants with the cause of action were, in brief, that Albert F. Scheidecker, Jr., who was operating the automobile at the time of the injury was the minor son of these defendants; that the automobile had been purchased by them for the pleasure, comfort, enjoyment, and use of said defendants and their said minor son; that said minor son was at all times authorized and permitted by said defendants to drive said automobile, and that at the time of the injury he was driving the same with their consent, knowledge, and permission, and was acting in furtherance of and not apart from the service and control of said defendants, and within the purposes for which said automobile was purchased. These allegations were evidently designed to bring the case within the rule in *Crittenden* v. *Murphy,* 36 Cal. App. 803

[173 Pac. 595], and *Walsh* v. *Flatland,* 36 Cal. App. 819
[173 Pac. 596]. The rule stated and applied in those cases
was, however, definitely repudiated by this court in the later
case of *Spence* v. *Fisher,* 184 Cal. 209 [14 A. L. R. 1083,
193 Pac. 255], and is no longer to be regarded as a correct
statement of the law in this state. Respondents suggest that
the case at bar is to be distinguished from *Spence* v. *Fisher*
by the circumstance that the driver of the car here in ques-
tion was a minor. In the opinion in that case it was said
that "No authority sustaining the doctrine of liability under
such circumstances that we have seen puts the decision on
any other ground, even when the driver was a minor child,
in the absence of a statute creating it, it being recognized
that there is nothing in the nature of the automobile itself,
or in the relationship of parent and child, aside from the
fact that the latter is a member of the family of the parent,
to create such a liability." It may be conceded that this
passage, in so far as it referred to the case of a minor child,
was *obiter dictum,* but respondents have not suggested any
good reason why the rule of that case should not be applied
to the facts of this case, nor has any such reason suggested
itself to our minds. [2] The allegation that the minor
defendant "was acting in furtherance of and not apart
from the service and control of said defendants and within
the purposes for which said automobile was purchased" was
a pure conclusion of the pleader. In the absence of any
allegation of facts which would have the legal effect of
fastening a liability upon these defendants for the negli-
gence of their minor son, the allegation last quoted would
be ineffectual for any purpose. It follows that the demurrer
of these two defendants should have been sustained. No
facts were developed at the trial which would serve in any
way to render the defendant Mary L. Scheidecker answer-
able for the negligence, if any, of the defendant Albert F.
Scheidecker, Jr., and the judgment as to her must therefore
be reversed. [3] It was established at the trial that Albert
F. Scheidecker, Jr., was in possession at the time of the ac-
cident of an operator's license which had been issued to
him upon the application of his father, Albert F. Schei-
decker, Sr., pursuant to section 24 of the Motor Vehicle Act
then in force [Stats. 1915, p. 397; amended, Stats. 1919,
p. 223], the effect of which was to charge the father

193 Cal.—42

with joint and several liability for actionable negligence on the part of such minor while operating a motor vehicle upon the public highway. (*Whitworth* v. *Jones,* 58 Cal. App. 492 [209 Pac. 60]; *Buelke* v. *Levenstadt,* 190 Cal. 684 [214 Pac. 42].) This evidence was not, strictly speaking, within the issues as framed by the pleadings, but both parties treated it at the trial as a matter properly within the issues, and the evidence upon this point was received pursuant to a stipulation of both parties entered into at the sugegstion of counsel for defendants. Under such circumstances defendants would not be heard to complain upon appeal that this matter was outside of the issues and, indeed, they have not done so. The result is that the case as against the father must stand or fall with the case as against the son. Hereinafter, for brevity's sake, the word "defendant" will be used to indicate the defendant Albert F. Scheidecker, Jr., and the word "plaintiff" will be used to indicate the plaintiff Toki Idemoto, unless otherwise specified.

[4] Appellants assert that the evidence is insufficient to support the implied finding of negligence on the part of the defendant and the implied finding of freedom from contributory negligence on the part of the plaintiff. The plaintiff testified that shortly before the accident she was walking northerly along the easterly part of the traveled portion of the road, it being a dirt road with a well-traveled portion from ten to sixteen feet in width, at the sides of which grass and weeds were growing. She heard the sound of an automobile approaching her from the rear, and looking around saw two automobiles, one to the rear of the other and some distance apart. She thereupon stepped out of the roadway to her right into the grass and weeds and waited there until the first automobile passed her. She then started to walk in a northerly direction in the grass and weeds along a line distant from a foot and a half to two feet easterly from the traveled portion of the roadway, and while so doing was struck from the rear by the second automobile, which was driven by the defendant. This testimony, if credited by the jurors, was sufficient to support both of the implied findings referred to.

The appellants contend that the trial court committed prejudicial error in permitting the witness Zanolini to give

certain opinion evidence to the effect that certain automobile
tracks which were seen by him immediately after the acci-
dent along the easterly side of the roadway where the plain-
tiff testified she was walking at the time she was struck
by the defendant's Ford machine had been made by a Ford
automobile. The following is the state of the record touch-
ing that subject: The witness Zanolini, who was a deputy
sheriff at the time, testified that he reached the scene of the
accident within a few moments after it had occurred and
that he examined the marks and tracks along the side of
the road within five or ten minutes after the injured woman
had been removed and that he saw there the track of a
machine which had pulled off the side of the traveled por-
tion of the highway some distance from the spot where
the injured woman's bonnet was lying and had continued
along the side of the highway for a distance of eighty feet,
where it had turned back into the traveled road. He was
asked by the court: "Do you know anything about the
kind of a track a Ford machine makes?" to which question,
without objection, he replied: "Yes, because I own one."
The court then asked: "Were these Ford automobile tracks
that you saw?" to which the witness replied, again without
objection, "Yes, sir." The court then said: "Your ob-
jection to that will be overruled if you have one. I think
he may testify as to whether it was a Ford, made by a
Ford or any other machine." The court and counsel for
the defendants then engaged in quite a discussion as to
whether a person could tell what type of machine made a
particular imprint, during which the court said: "Well, I
think a man may testify who knows. It is for the jury of
course to determine whether or not his judgment is ac-
curate if he is familiar with the prints made by different
machines." During this discussion the defendants' counsel
formulated no specific objection to the testimony of the
witness nor to the remarks of the court, nor did they either
move to strike out the testimony of the witness, nor did
they attempt to cross-examine him upon the subject at all,
but contented themselves with their vague objection and
desultory discussion as to the reasonableness of admitting
this form of evidence. [5] Under these conditions it is
doubtful whether the admission of this evidence would
constitute error; but conceding that it would be so, we are

of the opinion that its admission did not constitute prejudicial error in the instant case for the reason that the witness Zanolini proceeded to testify to certain facts coming within his immediate observation at the time of his examination of the tracks of the machine which, if believed by the jury, would show conclusively that it was the defendant's car which made the tracks in question, and which struck and dragged the woman along the side of the road and alongside the tracks of the car. The evidence of the witness Zanolini in that behalf shows that he also examined the footprints and other marks which then appeared to have been freshly made for a considerable distance along the side of the road. He testified that he found footprints which appeared in the dust along that side of the road and which went along to the point where the bonnet of the injured woman was found lying and that these footprints disappeared at that point, and the marks indicating the dragging of a body began and continued alongside the tracks of the car for a considerable distance and up to the point where the body of the woman was found lying. It is a significant fact in this connection that the young son of the defendants, who was driving the car at the time of the accident, was present when the witness Zanolini was engaged in making his examination of the tracks and other marks along the roadside, and that he made no denial of the fact that the tracks there shown and being examined were the tracks of his car. The evidence further discloses that on the following day Zanolini and two other persons again examined the tracks and footprints along the roadside and that one of these, the husband of the injured woman, had brought one of her shoes from the hospital which he fitted to the footprints and found to correspond in size. In this state of the evidence we are unable to conclude that the error of the trial court, if it be such, in admitting the opinion evidence of Zanolini as to the type of machine making the automobile tracks in question, was prejudicial.

The appellants further contend that certain instructions given by the court to the jury were erroneous or were erroneously given. The plaintiffs in their complaint had averred that the negligence of the young son of the defendants, who was driving their car at the time of the accident, was "reckless and wanton." The court in that portion of its

instructions dealing generally with the definition of neg-
ligence defined and differentiated between "negligence,"
"wanton negligence," and "gross negligence," but without
an application of these definitions and differentiations to
the facts of the particular case. The appellants seek to
invoke the rule that instructions which are inapplicable to
the particular case or to the relief sought therein ought
not to be given. [6] Conceding this to be the rule, it
cannot be rigidly applied to the giving of instructions which
are general in character and which have for their evident
purpose that of clarifying the minds of the jurymen upon the
general subject to which they relate. We do not think that
the action of the trial court, with this manifest object in
view, was prejudicial error in this case. [7] The court
further instructed the jury as follows: "I instruct you that
the law of the road provides that a motor vehicle approaching
from behind the pedestrian walking in the same direction,
in order to pass such pedestrian should turn to the
left . . . " The appellants complain that this instruction
was erroneous, but conceding it to be so we are unable to
see that the defendants could have in any way been preju-
diced by it, since the physical facts as disclosed by the
undisputed evidence in this case showed that the automobile
could not have passed the injured plaintiff except upon her
left.

[8] The court further instructed the jury as follows:
"I instruct you that a pedestrian walking along a public
highway should keep a lookout ahead for vehicles approach-
ing from in front, but such pedestrian, having no knowl-
edge of an automobile about to approach from behind is
not expected to contemplate the approach from behind of
any automobile, and under such circumstances would be
under no legal duty to look back or watch behind to see
whether he or she was in danger of being struck or run
down from behind." It is the contention of the appellants
that this instruction, while not in itself bad law, should
not have been given because inapplicable to the facts of
the instant case. We are not sure that the appellants are
altogether correct in this assertion. It is true that the
injured woman testified that she had looked back and saw
the approaching vehicle a few moments before its impact
upon her; but it is also true that the young son of the de-

fendants who was driving the car testified that he was watching the woman as he approached her and that so far as he saw she never looked back toward his machine. The jury may have believed the testimony of the young man in this regard, in which case the foregoing instruction would be applicable. [9] A like observation applies to another instruction following the latter one and has reference to the duty of a driver approaching a pedestrian on the highway from behind to sound his horn or other warning in order to make certain that the foot-passenger is aware of his rearward approach. The undisputed evidence in the case is to the effect that the driver did not sound his horn or give other warning of his approach and there is some evidence in the case tending to show that the woman was not aware of his approach since the main defense offered in the case was that the woman stepped suddenly from the side of the road on to its traveled portion, directly in front of the approaching car and when it was so near to her as to render it impossible to avoid the impact. Under the circumstances we are unable to say that the giving of the foregoing instructions constituted prejudicial error.

[10] In concluding its charge to the jury the court gave the following and final instruction: "I think you have been instructed now on every possible legal phase of the case. The question for you to decide after all is whether or not at the particular time shown by the evidence the defendant Albert F. Scheidecker, Jr., was guilty of negligence. Of course the testimony going both before and after the incident may throw light upon the real situation, and you are, to consider all of the evidence in the case in determining your verdict." It is quite apparent that the court in adding these closing words to the general body of its instructions was not intending to comprehensively cover the subject, or to state the whole law of the case, or to contradict or vary the effect of its former instructions. It is argued by the appellants that this instruction withdrew from the minds of the jurors all questions relating to the contributory negligence of the injured plaintiff, but obviously such was not the intent of the court. It does not by this instruction tell the jury that if they should find the defendant named to have been negligent they must bring in a verdict for the plaintiffs. Its utmost intendment was to advise the jury

that the primary question to be determined by it was the negligence of the driver of the car. In this aspect the instruction was entirely correct, since if it should be found that he was not negligent at the particular time of the accident all such secondary questions as the contributory negligence of the plaintiffs would become immaterial, for the reason that, in the absence of such primary negligence in the driver of the car they would not be entitled to recover. The appellants further argue that the foregoing instruction withdrew from the jury the question as to whether the defendant's negligence was the proximate cause of the injuries complained of, and urge that the court did not elsewhere in its instructions give an instruction as to proximate cause. [11] We think the instructions fairly construed cover this subject. The court charged the jury as follows, evidently at the defendant's request: "I instruct you that the plaintiffs in this action are not entitled to recover damages unless it is shown by a preponderance of the evidence that the defendants were guilty of negligence in the manner stated in plaintiffs' complaint, and if the plaintiffs fail to prove such negligence on the part of defendants, your verdict must be in favor of the defendants." A finding by the jury that the defendants were guilty of negligence "in the manner stated in the plaintiffs' complaint" would of necessity amount to a finding that the negligence of the defendant as alleged and found was the proximate cause of the stricken woman's injuries. We find no prejudicial error in the instructions of the court, except in so far as it might be inferred therefrom that the jury was entitled to bring in a verdict against Mary L. Scheidecker as to whom, as already stated, there is no sufficient evidence to warrant a judgment against her.

The judgment is reversed as to Mary L. Scheidecker and is affirmed as against the other two defendants.

Lennon, J., Lawlor, J., and Waste, J., concurred.