[Civ. No. 5958.  First Appellate District, Division Two.—October 17, 1927.]

GUSSIE C. BUTTRICK, Respondent, v. PACIFIC ELEC-
TRIC RAILWAY CO. (a Corporation) et al., Appel-
lants.

Frank Karr, R. C. Gortner, E. E. Morris and C. W. Cornell for Appellants.

E. B. Drake for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by the defendants Pacific Electric Railway Company, a corporation, and R. H. Ludwigson from an order granting a new trial, after the jury had rendered a verdict in their favor.

The plaintiff Gussie C. Buttrick brought this action for damages for injuries which she alleges resulted to her from the negligence of defendants.

The plaintiff made a motion for a new trial upon six grounds set forth in the notice, among them being: "5. That the court misinstructed the jury; 6. That the court failed to properly instruct the jury by refusing certain written instructions requested by the plaintiff."

The trial court granted the motion for a new trial and in so doing used this language: "Motion for a new trial is granted on the sole ground that the court was in error in giving instruction number 17 on page 7 of the instructions."

Section 657 of the Code of Civil Procedure provides: "When a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it

will be presumed that the order was not based upon that ground.''

We are, therefore, precluded from considering the sufficiency of the evidence to support the verdict of the jury.

The evidence is conflicting, but the facts are substantially these: The accident occurred in the city of Los Angeles, on Sunday, December 23, 1923, at about 2:45 P. M. at a point where the railroad tracks of the defendant Pacific Electric Railway Company cross Sunset Boulevard. Plaintiff, accompanied by one William Weeks, left a drugstore at the northwest corner of the intersection of Sunset Boulevard and Gardner Street and walked southerly across a single track in the center of Sunset Boulevard to a point about five feet or six feet north of the north side of the double track of said Pacific Electric Railway's railroad, which runs diagonally across Sunset Boulevard. When they had reached this point Weeks and plaintiff both testified that they saw the car that afterward struck Weeks standing in a station up the double track on the north side of Sunset Boulevard. They turned and walked southwesterly parallel to the double track for about twenty-five feet, Weeks being on the left of plaintiff (the side next to the track), and Weeks being in about four or five feet to the right of the track and plaintiff being immediately to his right, with their backs to the car. While walking in this position, and just about the time they stepped upon the sidewalk to enter another drug-store at the southwest corner of Sunset Boulevard and Gardner Street, Weeks was struck by the right end of the street-car that they had seen standing up the track at the station, and knocked violently against plaintiff and she was thrown against a power pole and severely injured. Both plaintiff and Weeks testified that no bell was rung until just at the time the car struck Weeks. Both Weeks and plaintiff also testified that Sunset Boulevard was badly congested by automobile travel and they had difficulty in crossing Sunset Boulevard and were positive that no warning was given by the car until just before Weeks was struck. The defendant Ludwigson, the motorman on the car, testified that when he got about the center of Sunset Boulevard with his electric car an automobile turned east in front of him and he sounded the gong and applied the air to keep from hitting this automobile; that

he was nearly across the Sunset Boulevard before he saw the plaintiff and Mr. Weeks, who were about eight feet from the curb and five or six feet from the track at that time, and that he was traveling about six or eight miles an hour when he crossed the intersection. Ludwigson further testified: ''As they got to the curb, there seemed to be plenty of clear at the time they reached this curb, and at the time I started to go by and when the fender had gotten by, the gentleman stepped close to the car, catching him along by the step and door, the right front corner of the car. After I rung the gong for the automobile, I rung the gong again. Just as I got close to these people I rang the bell again, then I applied the brakes as soon as I saw they were getting too close. . . . I didn't see either one of these parties fall. I just saw the man throw up his hands, then I went by.''

The specified acts of negligence alleged against defendants are: (a) ''In negligently operating said electric car of defendant corporation,'' and (b) ''In negligently failing to give timely or any warning or notice by bell, whistle or otherwise of the approach of said car.''

The defendants filed separate answers and each of said answers denies any negligence on behalf of each defendant. In each of said answers each defendant sets up contributory negligence of the plaintiff as a separate and distinct defense.

Said instruction No. 17 reads as follows: ''If you believe that the plaintiff, or Mr. Weeks, being in a place of safety, suddenly went on the track or so close thereto as to be in danger of being struck by a passing car, then plaintiff cannot recover.''

■ This instruction is erroneous for several reasons. In the first place, there is no testimony in the record that we can discover that shows that plaintiff was ever on the car track or close enough thereto as to be in danger of being hit by defendants' car; in fact, the testimony of all the witnesses seems to be to the effect that she was at all times at least four or five feet to the right of the car track and in a place of perfect safety, and never went into a place of danger. Therefore, for this reason alone, the instruction would be inapplicable to the facts of the case, and should not have been given. ■ The giving of an instruction which finds no support in the evidence is improper and, if

prejudicial, is ground for a reversal. (*Boone* v. *Oakland Transit Co.*, 139 Cal. 490 [73 Pac. 243]; *Idemoto* v. *Scheidecker*, 193 Cal. 661 [226 Pac. 922]; *Eppinger* v. *Kendrick*, 114 Cal. 620 [46 Pac. 613]; *Bosqui* v. *Sutro R. Co.*, 131 Cal. 390 [63 Pac. 682]; *Wallis* v. *Southern Pac. Co.*, 184 Cal. 663 [15 A. L. R. 117, 195 Pac. 408]; *Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389 [212 Pac. 913]; *Badostain* v. *Pacific Electric Ry. Co.*, 83 Cal. App. 290 [256 Pac. 576].) ■ Secondly, it must be borne in mind that this is an action by Mrs. Buttrick against the railway company and its motorman alone. The appellants have not indicated, and we cannot see in the record any evidence, indicating that the relationship between Mrs. Buttrick and Weeks, at the time of the accident, was such that any negligence or contributory negligence on the part of Weeks would be imputed to Mrs. Buttrick. For this reason the instruction is erroneous. ■ In order that the negligence of one person may be imputed to another, the two must stand in such relation of privity that the doctrine of *qui facit per alium facit per se* directly applies. Indeed, no other rule is consistent with section 1714 of the Civil Code, wherein it is declared that everyone is responsible for any injury occasioned to another by his want of ordinary care, "except so far as the latter has, wilfully or by want of ordinary care, brought the injury upon himself." (*Bryant* v. *Pacific Electric Ry. Co.*, 174 Cal. 737 [164 Pac. 385]; 19 Cal. Jur. 659 et seq., and cases cited.) ■ Thirdly, the instruction also omits the very important element as to what the motorman was doing or not doing, because if direct personal injury occasioned to plaintiff by the separate but concurring negligence of both Weeks and the motorman at one and the same time, plaintiff could recover from one or all of them; provided, of course, she was not guilty of contributory negligence. (*Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163 [4 Pac. 1165]; *Lang* v. *Lilley & Thurston Co.*, 20 Cal. App. 223 [128 Pac. 1028]; *Kimic* v. *San Jose-Los Gatos Ry. Co.*, 156 Cal. 386 [104 Pac. 986]; *Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 407 [91 Pac. 436].) In *Spear* v. *United Railroads*, 16 Cal. App. 660 [117 Pac. 966], the court said: "All the authorities recognize the right of recovery against either or both of the defendants whose concurring acts of negligence united in producing the injury. (1 Shearman

& Redfield on Negligence, 122; 1 Thompson on Negligence, 75; *Doeg* v. *Cook*, 126 Cal. 213 [77 Am. St. Rep. 171, 58 Pac. 707]; *Tompkins* v. *Clay Street R. R. Co., supra; Pastene* v. *Adams*, 49 Cal. 87.)''

Said instruction omits other important elements and also tends to take the minds of the jury away from the two vital issues of the case, viz.: (1) The conduct of defendants, and (2) the conduct of plaintiff, and focus their attention upon the conduct of Weeks alone. It amounted to a peremptory direction to the jury to bring in a verdict for defendants, provided they find as a fact that Weeks suddenly went from a place of safety and was struck by the car. Such is clearly not the law.

█ Appellants contend that in determining whether the jury was properly instructed as to the law, the instructions given must be taken as a whole. This is, of course, the law. (*Moore* v. *San Vicente Lumber Co.*, 175 Cal. 212 [165 Pac. 687]; *Taylor* v. *Pacific Electric Ry. Co.*, 172 Cal. 638 [158 Pac. 119].) We have followed this rule and we find that instruction No. 12 given by the trial court reads: ''You will notice in speaking of 'contributory negligence,' I refer to the contributory negligence of the plaintiff. Neither the negligence, or contributory negligence, if any, of William M. Weeks, who was walking with the plaintiff at the time of the accident, *can be imputed to, nor is it the negligence of the plaintiff in this case, and you cannot consider it at all* except that if you should find that he was negligent, and that his negligence was the sole cause of the injury to plaintiff, and that she was not negligent and the railroad company was not negligent, why, then the plaintiff could not recover.''

In said instruction No. 12 the jury is told that ''neither the negligence or contributory negligence, if any, of William Weeks . . . can be imputed to nor is it the negligence of the plaintiff.'' This instruction is contradictory of said instruction No. 17 above quoted, in essential particulars, and the jury could not determine which of the two instructions correctly stated the law. █ They were bound to accept all the propositions that the court instructed them upon as a correct statement of the law by which they were to be guided, and if the instructions are inconsistent or contradictory, it is impossible to tell which was adopted in reach-

ing their verdict in this case, and for that reason a new trial should be granted. (*Brown* v. *McAllister*, 39 Cal. 573; *Chidester* v. *Consolidated Ditch Co.*, 53 Cal. 56; *Watts* v. *Murphy*, 9 Cal. App. 564 [99 Pac. 1104]; *Hayden* v. *Consolidated Min. etc. Co.*, 3 Cal. App. 136 [84 Pac. 422].)

It is not necessary to discuss the other contentions made by respondents that said instruction No. 17 is erroneous and prejudicial.

From what has been said, it follows that we are of the opinion that the order granting plaintiff a new trial was proper and said order is, therefore, affirmed.

Koford, P. J., and Sturtevant, J., concurred.